Laramore, Judge,
delivered tbe opbiion of the court;
Plaintiff seeks to recover additional pay and allowances as a member of tbe Philippine Scouts while serving with the Philippine Army, Cebu Area Command, during the period from April 16, 1942, to March 25, 1946, due to alleged promotions while so serving. He claims entitlement under the Missing Persons Act, 71 Stat. 491.
Defendant has filed a motion for summary judgment, and two questions are presented: (1) Is plaintiff’s claim barred *271 by tbe statute of limitations, 28 U.S.C. § 2501, and (2) is the administrative determination of plaintiff’s status under the Missing Persons Act of 1942,56 Stat. 143, as amended, 58 Stat. 679, 680-681, final and conclusive and not subject to judicial review.
The facts as disclosed by the petition and exhibits are these: Plaintiff enlisted in the Philippine Scouts on March 1,1941. He was captured by the Japanese on April 9,1942. He escaped and joined the Philippine Army Forces at Cebu subsequently. While serving with the Philippine Army from April 16, 1942, to March 25, 1946, he received certain alleged promotions, and it is for the pay and allowances commensurate with the rank alleged to be held that claim is made.
On October 25, 1945, the Secretary of War delegated to the Commanding General, Army Forces, Western Pacific, the authority to make determinations under the Missing Persons Act, swpra,.
On May 15, 1946, said Commanding General determined under the Missing Persons Act that plaintiff had held the grade of Private First Class during the entire period from December 1, 1941, to March 25, 1946. Accordingly, plaintiff was paid under this determination for the entire period in suit as a Private First Class.
While the question of the statute of limitations is the threshold question to be answered here, for the purpose of this opinion only we shall pass over the question and assume his petition is timely. We do this solely because we are of the opinion that plaintiff cannot recover under the Missing Persons Act, supra, upon which he apparently bases his claim.
Plaintiff alleges no arbitrary action. He merely alleges that a claim for compensation under the Missing Persons Act, as amended by 71 Stat. 491, was denied him for salary due for four years of service in the Armed Forces of the United States while serving in the Cebu Area Command.
The Missing Persons Act authorizes administrative determinations with respect to status and entitlement to pay of missing, interned or captive servicemen. Just such a deter *272 mination was made by proper authority on behalf of the Commanding General. It was determined on May 15, 1946, that the grade held by plaintiff was Private First Class from December 1, 1941, to March 25, 1946, and he was paid accordingly.
Section 9 of the Missing Persons Act, 58 Stat. 679, 680-681, provides in pertinent part as follows:
The head of the department concerned, or such subordinate as he may designate, shall have authority to make all determinations necessary in the administration of this Act, and for the purposes of this Act determinations so made shall be conclusive as to death or finding of death, as to any other status dealt with by this Act, and as to any essential date including that upon which evidence or information is received in such department or by the head thereof. * * * Determinations are authorized to be made by the head of the department concerned, or by such subordinate as he may designate, of entitlement of any person, under provisions of this Act, to pay and allowances, including credits and charges in his account, and all such determinations shall be conclusive: * * * When circumstances warrant reconsideration of any determination authorized to be made by this Act the head of the department concerned, or such subordinate as he may designate, may change or modify a previous determination.
Since the departmental determination of plaintiff’s status and entitlement to pay and allowances was made, under the plain language of section 9 above, his claim is not subject to judicial review. Moreno v. United States, 118 Ct. Cl. 30; Ferrer v. United States, 132 Ct. Cl. 422; Logronio v. United States, 132 Ct. Cl. 596.
Nor does the 1957 amendment, supra, give plaintiff any additional rights. Section 9 of the original act is still in force and effect, and the determination of plaintiff’s status by the department concerned is still final and conclusive.
Defendant’s motion for summary judgment is granted, and plaintiff’s petition is dismissed.
It is so ordered.
DuRfee, Judge; MaddbN, Judge; Whitaker, Judge; and JoNes, Chief Judge, concur.